UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
AT COVINGTON

CIVIL ACTION NO. 22-34-DLB-CJS

TERRY JONES                                                                PETITIONER

vs.                      **REPORT AND RECOMMENDATION**

CRAIG HUGHES, WARDEN                                   RESPONDENT

\*\*\*  \*\*\*  \*\*\*  \*\*\*

This matter is before the Court on initial review of Terry Jones's *pro se* Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody (R. 1) and Memorandum in Support (R. 7). Pursuant to local practice, this matter has been referred to the undersigned for consideration and preparation of a Report and Recommendation under 28 U.S.C. § 636(b).

Rule 4 of the Rules Governing Section 2254 Petitions provides that a federal district court should conduct a preliminary review prior to serving a respondent with a copy of a petition and requiring a response. District courts are permitted to consider *sua sponte* the procedural deficiencies of a state prisoner's habeas petition, so long as a petitioner is provided notice and an opportunity to show why the limitation does not bar the petition. *See Day v. McDonough,* 547 U.S. 198, 210 (2006).[1] Rule 4 specifically instructs trial courts that "[i]f it plainly appears from the petition . . . that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."

---

[1] This Report and Recommendation provides notice to Jones that his Petition appears to be unexhausted. The period for filing objections to this Report and Recommendation gives him the opportunity to present his position on the issue. *See Day v. McDonough*, 547 U.S. 198, 210 (2006); *Sowell v. Bradshaw,* 372 F.3d 821, 830 (6th Cir. 2004).

A preliminary review of the Petition filed by Jones in this case reveals that the four claims he asserts are still being considered at the state level. There is currently an appeal pending before the Kentucky Court of Appeals as to the denial of Jones's state postconviction motion, which postconviction motion includes the same claims he presents here. Therefore, his claims have not been exhausted. Accordingly, it will be recommended that Jones's Petition be dismissed without prejudice as unexhausted. *See* Rule 4, Rules Governing Section 2254 Cases in the United States District Courts; *see also Rhines v. Weber*, 544 U.S. 269, 274 (2005) (noting that a district court should dismiss unexhausted claims in a petition without prejudice).

I.  PROCEDURAL HISTORY

On February 8, 2021, Jones pleaded guilty before the Kenton Circuit Court to the following three counts of his four-count indictment: (1) aggravated trafficking in a controlled substance in the first degree, 28 or more grams fentanyl, with a firearm; (2) trafficking in a controlled substance in the first degree, heroin; and (3) trafficking in a controlled substance in the first degree, 4 or more grams of cocaine. (R. 1-1 at Page ID 18). The fourth count for possession of a handgun by a convicted felon was dismissed. (*Id.* at Page ID 19). Only a portion of the state-court judgment was included with Jones's Petition. (*See id.*). However, a review of the Kenton Circuit Court's docket sheet on CourtNet 2.0 reveals that Jones was sentenced to a term of imprisonment of 20 years on Count 1, 10 years on Count 2 to run concurrently with Count 1, and 5 consecutive years on Count 3, for a total term of 25 years in prison. Judgment was entered on February 11, 2021, and an amended judgment was entered on March 11, 2021. *See Commonwealth v. Jones,* Kenton Circuit Court Case No. 19-CR-1593-2 (hereafter "CourtNet Docket"), available at https://kcoj.kycourts.net/CourtNet/Search/Index.[2]

---

[2] The Court takes judicial notice of this Kentucky trial court case docket. *See Chase v. Macauley,* 971 F.3d 582, 587 n.1 (6th Cir. 2020) (taking judicial notice of information from another court's website in

Jones did not file a direct appeal of this state-court judgment. *See* CourtNet Docket. Instead, on June 24, 2021, Jones filed a motion to vacate in the Kenton Circuit Court pursuant to Kentucky Rule of Criminal Procedure ("RCr") 11.42. (R. 1 at Page ID 3). *See* CourtNet Docket. On December 7, 2021, the Kenton Circuit Court denied Jones's RCr 11.42 motion. (*See* R. 1-1 at Page ID 23-28). On January 27, 2022, Jones appealed that denial to the Kentucky Court of Appeals. *See* CourtNet Docket; *also see Jones v. Commonwealth,* Case No. 2022-CA-0125, https://appellatepublic.kycourts.net/case/summary/7f7d2c8d4b4a64cd9416da30b07ae7fae27159ea413314a3b51c0c0c570ff678 (hereafter "COA Docket").

Jones thereafter filed the instant § 2254 Petition with this Court on March 14, 2022,[3] seeking "relief of sentence," alleging his trial counsel, Ashley Graham, provided ineffective assistance in representing him.

## II. ANALYSIS

### A. Timeliness

Petitioner's § 2254 Petition is subject to the one-year limitations period provided in 28 U.S.C. § 2244(d)(1). Under § 2244(d)(1)(A), the one-year limitation period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." In the instant case, Jones pleaded guilty to drug offenses and on February 8, 2021, was sentenced to a total term of imprisonment of 25 years. Judgment was entered by the Circuit Clerk on February 11, 2021. He did not file a direct appeal. Where a

---

a § 2254 case) (citing *Lyons v. Stovall,* 188 F.3d 327, 332 n.3 (6th Cir. 1999) ("[F]ederal courts may take judicial notice of proceedings in other courts of record.")).

[3] Although the Clerk of Court received and docketed the Petition on March 16, 2022, it is deemed filed on the date Petitioner deposited it in the institution's internal mailing system. *See* Rule 3(d), Rules Governing Section 2254 Cases in the United States District Courts. Here, the *pro se* Petition was signed by the Petitioner on March 14, 2022. (*See* R. 1 at Page ID 16). Applying the prison mailbox rule, the Court deems the Petition to have been filed on March 14, 2022. *See Houston v. Lack,* 487 U.S. 266, 273 (1988).

petitioner has failed to pursue an avenue of appellate review available to him, the time for seeking review at that level is looked to in determining finality. *See* 28 U.S.C. § 2244(d)(1)(A) (time for filing a petition pursuant to § 2254 runs from the date on which the judgment became final by the conclusion of direct review *or the expiration of time for seeking such review."*) (emphasis added). Thus, when no direct appeal is taken, the judgment becomes final when the appeal period has expired. *Gonzales v. Thaler,* 565 U.S. 134, 137 (2012).

Jones concedes that he did not appeal his February 11, 2021, judgment. (*See* R. 1 at Page ID 7).[4] Kentucky Rule of Criminal Procedure ("RCr") 12.04(3) provides "[t]he time within which an appeal may be taken shall be thirty (30) days after the date of entry of the judgment or order from which it is taken[.]"  RCr 12.04(3).  Jones's judgment therefore became final on March 13, 2021.  Accordingly, Jones had one year, until March 13, 2022, to file his federal habeas petition.

If Jones had until March 13, 2022 to file a federal petition, this suggests his March 14, 2022, filing of his § 2254 Petition was untimely.  However, under AEDPA, a properly filed application for state postconviction review or other state collateral review tolls the limitation period during the period the state postconviction application is pending.  *See* U.S.C. § 2244(d)(2).

Jones's RCr 11.42 motion was filed in the Kenton Circuit Court on June 24, 2021.  (R. 1 at Page ID 3; R. 1-1 at Page ID 23).  Under RCr 11.42(10), this motion was timely filed: "[a]ny motion under this rule shall be filed within three years after the judgment becomes final[.]"[5] This

---

[4] An amended judgment correcting a ministerial error was entered in the Kenton Circuit Court on March 11, 2021.  However, "[a] clerical error generally does not affect the finality of a judgment." *Ezell v. Allbaugh,* 777 F. App'x 271, 274 (10th Cir. 2019).  Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a judgment correcting clerical error in an earlier judgment does not constitute a "new" judgment for purposes of finality and triggering of the one-year limitation period under AEDPA for filing of a federal habeas petition.  *Id.* (citing *In re Stansell,* 828 F.3d 412, 420 (6th Cir. 2016)).

[5] Kentucky law sets a three-year statute of limitations on postconviction motions brought following a judgment.  *See* RCr 11.42(10).  Although petitioners are given three years after the judgment becomes final to file a motion to vacate in the Kentucky circuit court, AEDPA's one-year limitation period to file a

4

filing on June 24, 2021, tolls the running of the one-year limitation period for Jones to file a federal habeas petition. When his RCr 11.42 motion was filed on June 24, 2021, 102 days of his 1-year federal limitations period had expired (counting from March 14, 2021, to and including June 23, 2021, totals 102 days). This tolling has not ended, because Jones's RCr 11.42 motion is still unresolved in the state courts. Because his RCr 11.42 is still pending, his deadline to file a § 2254 petition in federal court has been temporarily halted and therefore the § 2254 Petition he filed here on March 14, 2022, was not untimely. *See Holbrook v. Curtin,* 833 F.3d 612, 619 (6th Cir. 2016) ("federal habeas petition was timely filed because AEDPA's one-year statute of limitations was tolled during the period in which he could have, but did not, appeal the [state court] denial of his motion for post-conviction relief"). His § 2254 Petition has, however, been filed with this Court before the Kentucky courts have finished their review of his claims.

This leads us to exhaustion.

## B.   Exhaustion

A petition filed with the federal courts pursuant to 28 U.S.C. § 2254 is reviewed under the standards set forth in the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). AEDPA provides:

> An application for writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim—
>
> resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

---

federal habeas petition is tolled only if the state postconviction motion is filed within the federal one-year limitation period. *See Thompson v. Chandler,* 55 F. App'x 758, 758 (6th Cir. 2003) (rejecting a claim that the habeas limitation period was extended by the three-year period under state law for filing a postconviction motion under RCr 11.42).

>resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(1)-(2). As the statute provides, the Court can only reach issues on the merits under AEDPA if the claims were "adjudicated on the merits in State court." 28 U.S.C. § 2254(d); *see also* 28 U.S.C. § 2254(b)(1)(A) ("An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that—the applicant has exhausted the remedies available in the courts of the State").

District courts can raise the exhaustion issue *sua sponte* when it plainly appears that habeas claims have not been presented to the state courts. *See Prather v. Rees*, 822 F.2d 1418, 1422 (6th Cir. 1987). The requirement of giving state courts the first opportunity to cure a constitutional claim stem from the understanding that state courts are obligated to follow federal law and from the desire for comity between the state and federal court systems. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 844-45 (1999) ("state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process").

Exhaustion "is a threshold question that must be resolved before [federal courts] reach the merits of any claim." *Wager v. Smith*, 581 F.3d 410, 415 (6th Cir. 2009); *also see Harris v. Lafler,* 553 F.3d 1028, 1031 (6th Cir. 2009). Though the exhaustion requirement is not jurisdictional, it is "designed to give the States and the state courts a first look at the habeas petitioner's claims." *Harris v. Lafler,* 553 F.3d at 1032. To be properly exhausted, each claim must have been "fairly presented" to the state courts. *O'Sullivan v. Boerckel,* 526 U.S. at 845; *Wagner*, 581 F.3d at 414. This includes a requirement that the applicant present the issue both to the state court of appeals and to the state supreme court. *Wagner,* 581 F.3d at 414; *Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990).

6

Further, for the claim to be exhausted, it must have been presented to the state courts as a federal constitutional issue, not merely as an issue arising under state law. *Hruby v. Wilson*, 494 F. App'x 514, 516 (6th Cir. 2013) (citing *Koontz v. Glossa*, 731 F.2d 365, 368 (6th Cir. 1984)). This "affords state courts an opportunity to consider and correct any violation of federal law, thus expressing respect for our dual judicial system while also furnishing a complete record of a petitioner's federal claim as litigated in the state court, including the state court of last resort." *Hafley v. Sowders*, 902 F.2d at 482. Petitioner bears the burden of showing exhaustion. *See Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994).

In this case, Jones asserts four grounds in his § 2254 Petition. (*See* R. 1). They are:

GROUND ONE:  "Counsel failed to set up a defense over a[n] illegal search and seizure[;] counsel failed to file a motion to suppress all evidence."

(a) Supporting facts:
"There was never a report of drugs being sold from this resident also the police did not give no names of any informants they used false information to obtain the search warrant the police used insufficient affidavits to obtain the warrants the car and my mothers home was search illegal.  My counsel failed to advise me of the court rules of RCr 9.78 my 10th Amendment and my 4th Amendment was violated.  Then my counsel advised me to take an unintelligent guilty plea.  She coerced me into taking it by stating I would get more time."
(R. 1 at Page ID 5).

GROUND TWO:  "Counsel failed to set up a defense on physical possession of the drugs found.  Counsel failed to set up a defense on the palpable error."

(a) Supporting facts:
"Petitioner did not live at this resident searc[h]ed or he was not present at the time of this search he was charged because there was drugs found at this resident in different baggies.  Petitioner did not have physical possession of the drugs or there was no proof these drugs belong to him because their was two different scheduled drugs in two different baggies don't mean two different drug transactions, there was never a drug sale in this case only possession of the drugs of the same schedule.  Petitioner was sentenced twice for trafficking the same schedule narcotics because he had possession of the both this was a palable error a double jeopardy violation.  Movant told his counsel to withdraw this plea but she went on and signed the plea for him.  Petitioner did not sign this plea."
(R. 1 at Page ID 7).

7

>GROUND THREE: "Denied Counsel in a Critical Stage."
>
>(a) Supporting facts:
>"I told my counsel to withdraw my guilty plea and she did not she signed my guilty plea for me while I was not present it was unformed and an unintelligent guilty plea entered by my counsel after I told her to withdraw because she did not advise me of my parole eligibility date.  I was not given a proper colloquy hearing discussing my sentence."
>(R. 1 at Page ID 8).
>
>GROUND FOUR: "Aggravated Trafficking would not apply to this case, Court abused their discretion because no elements was met for this offense."
>
>(a) Supporting facts:
>"The counsel was ineffective because she did not set up a defense to get Petitioner a lesser offense of a class C felony where his sentence would have been lesser, there was no elements met to uphold a class A felony the counsel told Petitioner to enter an unintelligent guilty plea.  Where he would have went to trial if counsel would had advised a defense.  The firearm offense was dismissed.  My first offense would have been a lesser offense there was no firearm or physical possession of the drugs."
>(R. 1 at Page ID 10).

For each of these grounds, Jones checked "Yes" on the habeas form when asked, "Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?" (R. 1 at Page ID 6, 7, 9, 10) and responded that he filed an RCr 11.42 motion raising them. (*Id.*). The copy of his RCr 11.42 motion attached to his § 2254 Petition reveals that Jones raised the following issues in that motion filed with the state circuit court:

>(A).  Movant received ineffective assistance of counsel and was denied due process of law as guaranteed under § § 2, 7, and 11 of the Kentucky Constitution and the 6th and 14th Amendments of the United States Constitution, when counsel failed to advise Movant of the laws and court rules in [relation] to his offenses, counsel failed to adequately investigate and set up a [defense] on the illegal search and seizures, defense counsel failed to file a motion to suppress the evidence under the exclusionary rule RCr 9.78 because of the insufficient affidavits that supported the search warrants[.]
>
>(B).  Movant received ineffective assistance of counsel and was denied due process of law as guaranteed when defense counsel failed to investigate and set up a defense when counsel failed to advise Movant of the laws and court rules in relation to Movant's offenses, counsel failed to set up a defense on Movant being sentenced under KRS 218A.142 a class (A) felony when it was only a class (C)

8

>felony KRS 218A.1412(d), counsel failed to set up a defense on Movant being sentenced with No nexus or physical possession of the firearms or narcotics KRS 218A.992, KRS 500.080(14), counsel failed to set up a defense on Movant's substantial rights under RCr 10.26 when Movant was sentenced twice for . . . the same schedule narcotics KRS 218A.990, counsel failed to set up a defense when Movant was sentenced over the maximum sentence required by the statues, counsel failed to file a motion to withdraw Movant's guilty plea like he ask, counsel failed to file Movant's direct appeal, Movant was denied counsel in critical stages in his court proceedings, counsel coerced Movant into taking an uninformed and unintelligent guilty plea.

(*See* R. 1-1 at Page ID 30).

Jones also attached a copy of the Kenton Circuit Court's Order denying his motion for relief under RCr 11.42. (*Id.* at Page ID 23). The state court noted that Jones was contending that his guilty plea was not voluntarily and intelligently made because of ineffective assistance of counsel by his attorney. (*Id.* at Page ID 24). For each of his claims, the Kenton Circuit Court rejected Jones's contentions. (*Id.* at Page ID 23-28). As Jones's § 2254 Petition states, he has since appealed the Kenton Circuit Court's ruling on his RCr 11.42 motion to the Kentucky Court of Appeals. (*See* R. 1 at Page ID 4); *see also* CourtNet Docket; COA Docket. Review of the Kentucky Court of Appeals online docket reveals that appeal is still in the briefing stages, with Appellee having just recently filed its response brief and Jones still to file his reply brief. *See* COA Docket.

Jones acknowledges he appealed the Kenton Circuit Court's ruling on his RCr 11.42 motion to the Kentucky Court of Appeals and states that each of the grounds raised here in his § 2254 Petition were raised in his RCr 11.42 motion, the appeal for which is still pending. (R. 1 at Page ID 6-11). Thus, he has not yet exhausted all available state remedies for the claims presented in his § 2254 Petition. *See Manning v. Alexander*, 912 F.2d 878, 881 (6th Cir. 1990) ("The exhaustion requirement is satisfied when the highest court in the state in which the petitioner was convicted has been given a full and fair opportunity to rule on the petitioner's claims."); *see also O'Sullivan*,

9

119 S. Ct. at 1732 (stating that petitioners must "use the State's established appellate review procedures before he presents his claims to a federal court."). Because Jones has not exhausted his state court remedies before filing his § 2254 Petition, he is not entitled to relief. Instead, Jones's § 2254 Petition should be summarily dismissed.

In sum, all of the claims Jones presents in his § 2254 Petition duplicate claims he raised in state court in his RCr 11.42 motion. The RCr 11.42 motion has been ruled on by the Kenton Circuit Court and that decision has been appealed to the Kentucky Court of Appeals, where the appeal is still being briefed and has yet to be considered by the Kentucky Court of Appeals and may then be appealed to the Kentucky Supreme Court. Because the claims he raises here are also a part of his pending RCr 11.42 proceedings, these claims are not yet exhausted and will not be exhausted until he finishes pursuing a final decision through the state appeals process or the time in which to further appeal expires.

The pendency of the appeal by Jones of his RCr 11.42 motion renders his § 2254 Petition premature; thus, it must be dismissed without prejudice. Jones can refile a petition when all of his claims have been finally exhausted in the state courts.[6]

Jones will not be prejudiced by dismissing the pending matter without prejudice. While Jones's RCr 11.42 motion is pending in the state courts, the one-year federal limitation period continues to be tolled. Section 2244(d) provides that "[t]he time during which a properly filed application" for state post-conviction relief is pending "shall not be counted toward any period of limitation under this subsection." *Also see Thompson v. Chandler*, 55 F. App'x 758, 759 (6th Cir.

---

[6] Dismissal without prejudice for failure to exhaust is not an adjudication on the merits of Jones's claims. Should Jones timely file a § 2254 petition in the future, it should not be considered a "second or successive" petition. *Slack v. McDaniel,* 529 U.S. 473, 485-86 (2000) ("A habeas petition filed in the district court after an initial habeas petition was unadjudicated on its merits and dismissed for failure to exhaust state remedies is not a second or successive petition.").

2003) ("the AEDPA's [one-year] limitation period is tolled only while a properly filed state post-conviction action is actually pending.") (citations omitted). Once the ineffective assistance of counsel claims in his postconviction motion have been exhausted in the Kentucky courts, Jones should still have approximately 263 days left of his 1-year (365-day) period to file a new federal petition if he chooses to do so.

### III. CERTIFICATE OF APPEALABILITY

Pursuant to Rule 11 of the Federal Rules Governing Section 2254 Proceedings, the district court must issue or deny a certificate of appealability (COA) when it enters a final order adverse to the applicant. A certificate may issue only if a petitioner has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). The Supreme Court fully explained the requirement associated with a "substantial showing of the denial of a constitutional right" in *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). "When a district court denies a habeas petition on procedural grounds without reaching the petitioner's underlying constitutional claim, a COA should issue when the petitioner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*

In this case, reasonable jurists would not debate the denial of Jones's § 2254 Petition on procedural grounds and that Jones has not made such a "substantial showing" as to any claimed denial of rights because his claims conclusively fail at this time as unexhausted. Therefore, reasonable jurists would not find the Court's procedural determinations debatable. Accordingly, it will be recommended that a certificate of appealability be denied upon the District Judge's entry of a final order in this matter.

IV.     CONCLUSION AND RECOMMENDATION

For the reasons stated herein, **IT IS RECOMMENDED** that:

(1)     Jones's Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2254 (R. 1) **be summarily dismissed without prejudice** for failure to exhaust his state court remedies without the necessity of requiring Respondent to file a written response;

(2)     Jones's Motion to Proceed In Forma Pauperis (R. 2) **be denied as moot** at this time in light of the recommended dismissal of his Petition without prejudice;[7]

(3)     a Certificate of Appealability **be denied** in conjunction with the Court's entry of its final order in this matter; and,

(4)     this case **be stricken** from the active docket of this Court.

Attention is directed to 28 U.S.C. § 636(b)(1) for appeal rights and mechanics concerning this Report and Recommendation, issued under subsection (B) of the statute. *See also* Rules Governing Section 2254 Proceedings for the United States District Courts, Rule 8(b). Within fourteen (14) days after being served with a copy of this Report and Recommendation, specific written objections may be served and filed to any or all findings or recommendations for determination, *de novo,* by the District Judge. Failure to make a timely objection consistent with the statute and rule may, and normally will, result in waiver of further appeal to or review by the District Judge and Sixth Circuit Court of Appeals. *See Thomas v. Arn*, 474 U.S. 140, 155 (1985); *United States v. Walters*, 638 F.2d 947, 950 (6th Cir. 1981).

---

[7] Jones's companion verification of deposits sheet (R. 3 at Page ID 80) reflects deposits into his inmate account averaging $255.26 per month over the time period covered by the verification. The filing fee for a § 2254 petition is a modest one, $5.00, and according to his average deposits, Jones has the financial means to pay this modest fee. However, because the recommendation is to dismiss this current Petition without prejudice for failure to exhaust, the request for leave to proceed in this current case *in forma pauperis* should be denied as moot and the filing fee revisited should Jones file a subsequent petition after exhaustion of his state court remedies.

Signed this 30th day of November, 2022.



Signed By:
*Candace J. Smith*
United States Magistrate Judge

J:\DATA\habeas petitions\2254 General\22-34-DLB Jones R&R ck.docx